DONOVAN J. DUNNION
Attorney at Law
State Bar No. 70713
402 West Broadway, Suite 2700
San Diego, California 92101

(619) 231-8688

Attorney for Defendant ALEJANDRO CONTRERAS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**
**(HON. THOMAS J. WHELAN)**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No.  08-CR-1251-W |
| | ) | |
| Plaintiff, | ) | **DEFENDANT'S MOTION FOR** |
| v. | ) | **DISCOVERY** |
| | ) | |
| | ) | Date:    August 18, 2008 |
| ALEJANDRO CONTRERAS, | ) | Time:    9:00 a.m. |
| | ) | Dept:    Judge Whelan |
| Defendant. | ) | |
| | ) | |

**I.**

**STATEMENT OF THE CASE**

Defendant Alejandro Contreras is charged herein with violation of 21 U.S.C.

§ 841(a)(1).

**II.**

**MOTION TO COMPEL DISCOVERY**

A.    **Defendant is Entitled to Discovery of Defendant's Statements**.

Pursuant to Rule 16(a)(1)(A), <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and the Fifth

and Sixth Amendments to the United States Constitution, defendant requests the disclosure

of all statements, written, oral, and recorded, made by defendant which are in the possession,

custody, or control of the government or which by the exercise of due diligence may become

known to the government, regardless of to whom the statements were made.

This includes all rough notes of government agents which include statements of

1  defendant.

2        A defendant has a right to inspect these requested statements.  This has been extended

3  to permit discovery of written summaries of the defendant's oral statements contained in

4  handwritten notes of government agents.  See <u>United States v. Johnson</u>, 525 F.2d 999

5  (2d Cir. 1975); <u>United States v. Bailleaux</u>, 685 F.2d 1105 (9th Cir. 1982).

6        **B.    Defendant is Entitled to Disclosure of any Prior Similar Convictions or**

7              **Prior Similar Acts**.

8        Federal Rule of Criminal Procedure 16(a)(1)(B) provides that, upon request of the

9  defendant, the government shall furnish to the defendant a copy of defendant's prior criminal

10  record, if any, as is within the possession, custody, or control of the government.  Defendant

11  makes this request.

12        The defendant also requests that the government provide discovery of any prior

13  similar acts which the government will intend to introduce into evidence pursuant to Federal

14  Rule of Evidence 404(b).  The defendant must have access to this information in order to

15  make appropriate motions to exclude the use of such evidence at trial.  See <u>United States v.</u>

16  <u>Cook</u>, 609 F.2d 1174 (9th Cir. 1985).

17        The defendant requests a pretrial conference on the morning of the trial in order to

18  resolve any issues raised by the government's intention to introduce such evidence.

19        **C.    Defendant is Entitled to Examine any Documents, Tangible Items, and the**

20              **like which are in the Possession, Custody, or Control of the Government**.

21        Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(C) and <u>Brady v. Maryland</u>,

22  373 U.S. 83 (1963), the defendant requests the opportunity to inspect and copy all books,

23  papers, documents, photographs, and tangible items which are in the possession, custody, or

24  control of the government and which are material to the preparation of the defense intended

25  for use by the government as evidence in the case in chief.  The defendant further makes

26  these requests pursuant to <u>Brady v. Maryland</u> on the ground that this evidence may provide

27  exculpatory information that is beneficial to the defendant in the defense against the charges

28  in the indictment.

1    This request includes, but is not limited to the following:  All search warrants and

2    their accompanying affidavits, as well as the opportunity to inspect the results of all searches

3    conducted by law enforcement officers pursuant to warrants and/or otherwise (this request

4    includes the searches of all residences, businesses, automobiles, and other locations regarding

5    this case); all tape-recorded conversations, closed circuit television surveillance, ground/air

6    surveillance of suspects, telephone toll analysis, bank records and financial documents

7    involving this case.  This request also includes the results of all follow-up investigations

8    regarding the above-requested evidence.  These requests are made pursuant to Federal Rule

9    of Criminal Procedure 16 and Brady v. Maryland, 373 U.S. 83 (1963).

10    **D.    Due Process Exculpatory Information**.

11    Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S.

12    150 (1972), and the Fifth and Sixth Amendments to the United States Constitution, defendant

13    requests disclosure of all information of whatever form, source, or nature which tends to

14    exculpate defendant by indicating innocence, contradicting the government's theory of the

15    case, and impeaching the credibility of potential government witnesses.  This request

16    specifically includes all co-conspirator statements, indicted and unindicted, all third party

17    witness statements interviewed by government agents and/or of which the government has

18    custody, dominion, or control.  This request includes all recorded conversations, electronic,

19    mechanical, stenographic, or otherwise, of all co-conspirators, indicted and unindicted, all

20    defendants, and all potential witnesses which statements are relevant to the subject matter

21    charged in the indictment and are in the possession, custody, or control of the government.  It

22    also includes such statements within the meaning of 18 U.S.C. Section 3504.

23    Defendant requests the government to provide all statements made by all potential

24    witnesses.  The term "statements" as used in this request includes tape-recorded

25    conversations, rough notes, correspondence, memoranda, or reports prepared directly by such

26    persons and/or by any government agents (of any government entity) or attorneys.  It

27    includes all Grand Jury testimony, as well as previous in-court and trial testimony.  It

28    includes all government debriefings of all potential witnesses.  If such statements were given

1    orally to any government agent, defendant requests that they be committed to writing and

2    produced forthwith.

3         Defendant requests access to prior testimony of all government witnesses.  Two

4    statutory provisions and one major constitutional provision must be considered in resolving

5    any questions involving compelled disclosure of government witness statements.  First, the

6    Jencks Act, 18 U.S.C. Section 3500, regulates disclosure of witness statements, as defined by

7    the Act, and prohibits any order requiring production prior to the completion of direct

8    examination of the witness.  Second, Federal Rule of Criminal Procedure 16(a)(2) excepts

9    from the operation of the general discovery provisions of Rule 16 those reports, memoranda,

10   and internal government documents generated during the course of an investigation into the

11   case, except as provided in the Jencks Act.  The Rule does not prohibit the disclosure of such

12   items, but states, merely, that it does not authorize them.  Third, an overriding principle

13   requires the government to disclose all exculpatory material in its possession.  See Brady v.

14   Maryland, 373 U.S. 83 (1963).  Defendant makes this request under all three provisions.

15        As part of this request defendant also requests the name, address and telephone

16   number of each person the government intends to call as a witness at trial.  Additionally,

17   defendant requests the name, address and telephone number of each person who was present

18   during or has material information regarding, any act or transaction charged in the

19   indictment, whether or not the government intends to call such a person as a witness at the

20   trial.  The request includes a list of all witnesses appearing before the Grand Jury in

21   connection with this case.  Advance disclosure of witnesses is essential if defendant's Sixth

22   Amendment right to effective assistance of counsel is to have any real meaning.  This request

23   is properly before the court.  See United States v. Cadet, 727 F.2d 1453, 1469 (9th Cir.

24   1984); Wilson v. Rose, 366 F.2d 611 (9th Cir. 1966).

25        Pursuant to Brady v. Maryland, 373 U.S. 83 (1963); Giglio v. United States, 405 U.S.

26   150 (1972); Davis v. Alaska, 415 U.S. 308 (1974), defendant makes the following request

27   for:

28        1)    All impeaching evidence such as prior records, prior inconsistent statements,

1   evidence for bias, interest, or motive, and prior uncharged bad acts of all the potential

2   witnesses in this case;

3       2)      All formal or informal promises to reward a witness, such as promises of

4   probation, promises of monetary gain, payment of living or medical expenses, payment for

5   transportation or promises of witness protection;

6       3)      All information relating to alcohol or drug abuse treatment of all potential

7   witnesses, and all information relating to drug uses of each potential witness;

8       4)      All information relating to the use of aliases or fictitious names by each

9   potential government witness;

10      5)      All information relating to prior acts of all potential witnesses which are

11  probative of his character for untruthfulness within the meaning of Federal Rule of Evidence

12  608(b); and,

13      6)      All information relating to contradictory statements made by all potential

14  government witnesses or agents or representative of any law enforcement entity or other

15  persons.

16      **E.      Request for Expert Witness Information**

17          Pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A) and Brady v. Maryland,

18  373 U.S. 83 (1963), defendant requests to inspect and copy or photograph any results or

19  reports of physical or mental examinations and of scientific tests or experiments which are

20  within the possession, custody or control of the government, the existence of which is

21  known, or by the exercise of due diligence may become known to the attorney for the

22  government, and which reports are material to the preparation of the defense or intended for

23  use by the government as evidence in their case in chief at trial.

24          In regards to this expert information, defendant requests all rough notes, memoranda,

25  correspondence and reports setting forth the results, whether positive or negative, of all

26  expert analysis conducted during the course of the investigation of this case.

27          In regards to this request for expert witness information, defendant requests all expert

28  analysis regarding fingerprints on any of the seized evidence, scientific analysis of any of the

1  recorded conversations and/or closed circuit television surveillance.  In regards to this latter

2  request, defendant requests the opportunity to perform independent scientific analysis on all

3  recorded conversations and all closed circuit television surveillance conducted in this case.

4       **F.**    **<u>Defendant is Entitled to Government Disclosure of the Evidence it Intends</u>**

5       **<u>to Use Against Defendant at Trial.</u>**

6       Pursuant to Federal Rule of Criminal Procedure 12(d), defendant requests that this

7  court order the government to disclose the evidence it intends to use against defendant at

8  trial.  This request includes any evidence which defendant may be entitled to under Federal

9  Rule of Criminal Procedure 16 subject to any relevant limitation prescribed by that rule.

10                                                               **III.**

11                   **PRESERVE ROUGH NOTES**

12       Defendant hereby moves this court to order:

13       1)    Preservation and production of rough notes of government witness interviews

14  and the interrogatories of defendant; and,

15       2)    Sanctions for destruction of any of the rough notes including the exclusion of

16  any witness' testimony as to which the rough notes have been destroyed.

17       The grounds for this motion are that rough interview notes must be preserved and

18  disclosed to the defense under the Federal Rules of Criminal Procedure, Rule 16,  and

19  18 U.S.C. Section 3500.

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**IV.**

**LEAVE TO FILE FURTHER MOTIONS**

A continuance may be warranted in this matter due to the fact that further discovery is required in order to adequately prepare motions; at this date little discovery has been provided. Accordingly, defendant prays for leave to file further motions should such motions be warranted.

Date: May 23, 2008                    Respectfully submitted,

                                       /s/  Donovan J. Dunnion
                                      DONOVAN J. DUNNION
                                      Attorney for Defendant
                                      402 West Broadway, Suite 2700
                                      San Diego, California 92101
                                      Ph: (619) 231-8688
                                      Fax:  (619) 234-0043
                                      Email:  dunnionlawoffice@yahoo.com

1:\DUNNION\Contreras.disc-mot

| 1 | **CERTIFICATE OF SERVICE** |
|---|---|

1

**CERTIFICATE OF SERVICE**

2  Counsel for Defendant certifies that the foregoing pleading:

3  **DEFENDANT'S MOTION FOR DISCOVERY**

4

5  is true and accurate to the best of his information and belief, and that a copy of the foregoing

6  document has been served this day upon:

7  **MAILING INFORMATION FOR CASE 08-CR-1251-W**

8  1.    **Electronic Mail Notice List**

9  The following are those who are currently on the list to receive email notices for this case.

10  SHERRI WALKER HOBSON, AUSA          Sherri.hobson@usdoj.gov

11

12  Date: May 23, 2008                    Respectfully submitted,

13    /s/  Donovan J. Dunnion
      DONOVAN J. DUNNION
14    Attorney for Defendant
      402 West Broadway, Suite 2700
15    San Diego, California 92101
      Ph: (619) 231-8688
16    Fax:  (619) 234-0043
      Email:  dunnionlawoffice@yahoo.com

17